**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

```
PETER EDWIN STUYVESANT,         :
                                :   Civil Action No. 06-676 (RBK)
          Petitioner,           :
                                :
     v.                         :        O P I N I O N
                                :
FEDERAL BUREAU OF PRISONS,      :
et al.,                         :
                                :
          Respondents.          :
```

**APPEARANCES:**

    PETER EDWIN STUYVESANT, Petitioner <u>pro se</u>
    #09401-017
    F.C.I. Fort Dix
    Unit 5752, P.O. Box 2000
    Fort Dix, New Jersey 08640

    IRENE E. DOWDY, AUSA
    United States Attorney's Office
    402 East State Street, Suite 430
    Trenton, New Jersey 08608
    Counsel for Respondents

**KUGLER**, District Judge

This matter comes before the Court upon <u>pro se</u> petitioner's, Peter Edwin Stuyvesant ("Stuyvesant") motion for reconsideration of this Court's April 3, 2006 Order[1] denying his petition for a writ of habeas corpus under 28 U.S.C. § 2241.  Stuyvesant filed his motion for reconsideration on April 13, 2006.  (Docket Entry

---

[1] The related Opinion to this April 3, 2006 Order was filed on March 31, 2006.

No. 8). Respondents filed an opposition to the motion on or about June 9, 2006. (Docket Entry No. 9).

This motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, the motion is denied.

## I.  BACKGROUND

On February 15, 2006, Stuyvesant filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging an action by the Federal Bureau of Prisons ("BOP") in which Stuyvesant was not afforded a one-year reduction in his sentence under 18 U.S.C. § 3621(e). Stuyvesant asserted that the BOP's action on April 5, 2005 impermissibly disrupted his "settled expectations" of a sentence reduction under § 3621(e), and violated due process. He further argued that the BOP refused to allow petitioner's transfer to a CCC or home confinement because the BOP did not want to be held accountable for petitioner's medical treatment in the community.

On March 31, 2006, this Court filed an Opinion, finding that Stuyvesant has not been precluded from early release based on a "violent offender" classification, as implied by petitioner, but rather because he cannot satisfy a requisite community transitional program that must be completed for early release. Stuyvesant admittedly has serious medical conditions, which have required several hospitalizations and close monitoring.

Petitioner's medical status makes him unsuitable and ineligible for CCC transitional programs, as determined by the Unit Team and the Health Services Unit at FCI Fort Dix.  Thus, this Court found that the BOP had properly exercised its discretion in determining that Stuyvesant is not eligible for early release under § 3621(e) because he cannot complete the CCC transitional services requirement under that statute.  See Rublee v. Fleming, 160 F.3d 213 (5th Cir. 1998) (holding pre-Lopez that exclusion of prisoners who cannot complete community-based component of program is not a violation of due process).

In his motion for reconsideration, Stuyvesant asks this Court to consider his traverse, which he belatedly submitted after this Court had made an expedited ruling on the petition. The traverse mainly argues that the BOP's position is wrong, false and misleading.  In particular, Stuyvesant avers that he did have a "settled expectation" in early release under § 3621(e).  He also contends that he could have been released to home confinement rather than a community correction center ("CCC").  He completed the R-DAP program and the transitional service program as required.[2]  Finally, petitioner argues that

---

[2] Stuyvesant also states that there is documentation showing that he was qualified for early release.  These documents include a 1997 VCCLEA eligibility sheet (necessary for R-DAP certification), a November 5, 1997 routing slip with BOP officials allegedly signing off on his one-year sentence reduction, and a November 12, 1997 Notification of § 3621(e) Eligibility.  Stuyvesant does not attach these documents.

the immigration detainer was fraudulent because he is a U.S. citizen, and that his two level weapons enhancement should have been considered because the issue was on appeal.

The traverse does not explain why it is unreasonable for the BOP to take into account his serious medical status in determining eligibility for CCC transitional programs, which is a requisite phase of completion for early release.  Since mandatory completion of a community-based program is required for early release under § 3621(e), petitioner's ineligibility for CCC placement as determined by the BOP is a legitimate factor considered by the BOP in denying early release.

The traverse also ignores the fact that when the BOP gave Stuyvesant notice of a determination of "provisional 3621(e) eligibility" in 1997, he signed the notice which clearly advised petitioner that if he was not eligible for transfer to a community-based program, he would not be eligible for early release under § 3621(e).  Therefore, Stuyvesant had no settled expectation of early release unless and until he could complete a community-based transitional program.

---

However, production of these documents would not have changed the outcome of this Court's prior decision, because there was no dispute that petitioner had completed these institutional programs.  Further, the November 12, 1997 Notification of § 3621(e) Eligibility advised Stuyvesant that he must be eligible for transfer to a community-based program to be eligible for early release under § 3621(e).  The notification was simply a provisional notice of eligibility.

The respondents filed an opposition to Stuyvesant's motion for reconsideration.  They reiterated that petitioner's medical condition precludes his placement in a CCC because he is unable to participate in a community-based transitional drug treatment program, regardless of whether he is in a CCC or in home confinement.  Thus, Stuyvesant is not eligible for sentence reduction.  Respondents further noted that home confinement was not a viable alternative to a CCC placement because Stuyvesant has no available medical insurance coverage before his projected release date,[3] and thus, had no ability to cover his extensive medical care costs.  All inmates in home confinement are responsible for medical and dental expenses, and if unable to cover these expenses, the inmate may be returned to prison for evaluation and treatment.  BOP Program Statement 7320.01 § 8.c(1).

Finally, the Court notes that Stuyvesant has been released from prison, pursuant to the BOP's projected release date for him, on August 10, 2006.

## II.  ANALYSIS

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure.  United States v. Compaction Sys. Corp., 88 F. Supp.2d 339, 345 (D.N.J. 1999).

---

[3] Stuyvesant has stated his intention to apply for Social Security benefits, but such benefits would not be available until his projected release date has expired.

Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e), or as a motion for relief from judgment or order under Fed.R.Civ.P. 60(b).  Id. In the District of New Jersey, Local Civil Rule 7.1(g) governs motions for reconsideration.  Bowers v. Nat'l. Collegiate Athletics Ass'n., 130 F. Supp.2d 610, 612 (D.N.J. 2001).

Local Civil Rule 7.1(g) permits a party to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the motion.  L. Civ. R. 7.1(g); see NL Industries, Inc. v. Commercial Union Insurance, 935 F. Supp. 513, 515 (D.N.J. 1996).  The standard for reargument is high and reconsideration is to be granted only sparingly.  See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).  The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(*citing* N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter.  Compaction Sys. Corp., 88 F. Supp.2d at 345; see also L.Civ.R. 7.1(g).  "The word

'overlooked' is the operative term in the Rule." Bowers, 130 F. Supp.2d at 612 (citation omitted); see also Compaction Sys. Corp., 88 F. Supp.2d at 345.

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue. See SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989). Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court. Bowers, 130 F. Supp.2d at 613; Resorts Int'l. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992); Egloff v. New Jersey Air National Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision. See Resorts Int'l, 830 F. Supp. at 831 n.3. A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing. See Levinson v. Regal Ware, Inc., Civ. No. 89-1298, 1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989).

Moreover, L.Civ.R. 7.1(g) does not allow parties to restate arguments which the court has already considered. See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990). Thus, a difference

7

of opinion with the court's decision should be dealt with through the normal appellate process.  Bowers, 130 F. Supp.2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").  In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple."  Tishcio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998)(citation omitted).

Here, Stuyvesant does not show that this Court "overlooked" any of the above listed points.  He merely argues with the position taken by the respondents, and the Court's decision.  In short, Stuyvesant is simply re-litigating issues already considered and rejected by the Court in its March 31, 2006 Opinion.  Thus, Stuyvesant cannot satisfy the threshold for granting a motion for reconsideration.  He has not presented the Court with changes in controlling law, factual issues that were overlooked, newly discovered evidence,[4] or a clear error of law

---

[4] The relevant information in the 1997 documents referenced by petitioner in his traverse, which documents Stuyvesant claims were not provided by respondents, were made known to the Court

or fact that would necessitate a different ruling in order to prevent a manifest injustice.

Thus, Stuyvesant's only recourse, if he disagrees with this Court's decision, should have been via the normal appellate process. He may not use a motion for reconsideration to re-litigate a matter that has been thoroughly adjudicated by this Court. Moreover, Stuyvesant apparently was released from confinement on or about August 10, 2006. This would render moot his petition for habeas relief, which sought his release from prison.

### III. CONCLUSION

For the reasons expressed above, Stuyvesant's motion for reconsideration will be denied. An appropriate Order follows.

s/Robert B. Kugler<br>
ROBERT B. KUGLER<br>
United States District Judge

Dated: August 17, 2006

---

and were considered by the Court in reaching its March 31, 2006 decision.